UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EMEAL WILSON,<br><br>    Plaintiff,<br><br>v.<br><br>PRENTIS EDWARDS, JR. et al.,<br><br>    Defendants. | Case No. 25-10183<br>Honorable Laurie J. Michelson<br>Magistrate Judge Anthony P. Patti |

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS [2] AND SUMMARILY DISMISSING COMPLAINT [1]**

After a state jury trial in May 2024, Emeal Wilson was convicted of three counts of carrying a concealed weapon. *State of Michigan v. Wilson*, No. 23-003816-01-FH (3rd Mich. Cir. Ct. filed July 25, 2023), https://perma.cc/7ZXN-CM4F. His direct appeal to the Michigan Court of Appeals remains pending. *People of Michigan v. Wilson*, No. 371908 (Mich. Ct. App. filed July 31, 2024), https://perma.cc/PL2J-Q4JG. But in January 2025, Wilson filed this *pro se* suit in federal court. (ECF No. 1.)

Wilson claims that officers took his guns and car (that he says belonged to a trust) and incarcerated him for 44 days. (*Id.* at PageID.5.) This, claims Wilson, violated the Civil Rights Act of 1964 and the Fourth Amendment. (*Id.* at PageID.4.) He also lists various other causes of action, including "true bill, kidnapped, ADA

disability, [and] injury (breach of contract)." (*Id.* at PageID.5.)[1] And he lists as defendants Judge Prentis Edward, Jr. (the circuit court judge who presided over his criminal case), Prosecutor Derek Boederek (presumably Derek Boedeker, the prosecutor in his criminal case), Attorney Brian Schaf (his court appointed defense attorney), and three police officers: Lieutenant Tharm Dionne, Sergeant Matthew Hurner, and Detective Roger Wierszewski. (ECF No. 1, PageID.2–3); *see also Wilson*, No. 23-003816-01-FH, https://perma.cc/7ZXN-CM4F.

Along with his complaint, Wilson filed an application to proceed without prepayment of fees and costs. (ECF No. 2.) He advises that he receives no income[2] and has no savings. (*Id.* at PageID.13–14.) So the Court finds that he has made the required showing of indigence under 28 U.S.C. § 1915(a)(1) and grants his application.

Having granted the application to proceed *in forma pauperis*, the Court must now screen the complaint and decide whether it is "frivolous or malicious," "fails to

---

[1] Wilson also cites *People v. Battle,* 123 Cal. Rptr. 636, 639 (App. Dep't Super Ct. 1975) for the proposition that "traffic infractions are not a crime." (ECF No. 1, PageID.4.) This citation is irrelevant. Wilson is not being prosecuted for a traffic offense, he is not being prosecuted in California, and the case does not stand for the proposition cited. *Battle* concerned the application of *Kellett v. Superior Court of Sacramento County*, 63 Cal. 2d 822 (1966)—a California case that held a prosecutor aware of multiple offenses must charge all of these offenses in the same case to avoid violating double jeopardy protections. The *Battle* court was faced with the question of whether a traffic infraction qualified as an offense under *Kellet. See Battle*, 123 Cal. Rptr. at 638–639. Nowhere did the Court conclude that traffic infractions cannot be prosecuted *at all*.

[2] On his application, Wilson checked both "yes" and "no" for disability or worker's compensation payments and attached medical records showing that he suffered a stroke in 2021. (ECF No. 2, PageID.13.) But he does not specify how much money, if any, he receives in disability or worker's compensation benefits.

2

state a claim on which relief may be granted," or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And while a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)).

The Court's screening clearly reveals that Wilson's complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). The entirety of Wilson's factual allegations are as follows:

> [O]fficers took my arms that was in a zip bag registered at Roseville police station. Took my automobile that belong to a Trust and I was incarcerated for 44 days. . . . I was homeless and the cops took my guns zip in a bag and the arms were registered to me and the police department.

(ECF No. 1, PageID.5–6.) Wilson does not identify which Defendants allegedly committed which acts, or how those acts violated the law he lists. For instance, none of these allegations pertain to the defendant judge or prosecutor, who would

3

undoubtedly be immune from suit in any event, or his defense counsel. And even with respect to the police officers, if Wilson contends that the seizure of his property violated the Fourth Amendment, he would need to identify the specific defendant(s) who effectuated it and explain why this seizure was unreasonable. Likewise, if he asserts a discrimination claim under the Civil Rights Act of 1964, he would need to explain the actions taken, by which defendant, because of his race, color, religion, or national origin. As currently written, however, his complaint is not sufficient to state a claim against any of these Defendants. *See Thorne v. Micklow*, No. 99-130, 1999 U.S. Dist. LEXIS 17109, at *17 (W.D. Mich. Oct. 22, 1999) ("A *pro se* complaint that merely names persons as defendants without alleging specific conduct against them is subject to summary dismissal as frivolous.")

What is more, even if Wilson stated a viable claim, the Court would have to abstain from hearing it under *Younger v. Harris*, 401 U.S. 37 (1971), while his criminal case remains pending in state court. *Younger* abstention "requires federal courts to abstain where: (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995).

All three factors are present here. First, Wilson's state criminal case is still pending on appeal. Second, state criminal prosecutions implicate important state interests. *See Doe v. Univ. of Kentucky*, 860 F.3d 365, 369 (6th Cir. 2017); *Leveye v. Metro. Pub. Def.'s Office*, 73 F. App'x 792, 794 (6th Cir. 2003). Finally, there is nothing

4

to suggest that Wilson has even attempted to raise his claims in state court. And "when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).

When all three factors are present, "the court should abstain unless there is a showing of bad faith, harassment, or another extraordinary circumstance that makes abstention inappropriate." *Graves v. Mahoning Cty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007)). Wilson has made no such showing.

While *Younger* abstention ordinarily counsels in favor of a stay, as opposed to a dismissal, "staying the case under *Younger* abstention 'is not required where the district court determines that the claim for damages is frivolous under 28 U.S.C. § 1915.'" *Winn v. Macomb Twp.*, 2024 U.S. Dist. LEXIS 168435, at *6–7 (E.D. Mich. Sept. 18, 2024) (quoting *Boyd v. Farrin*, 575 F. App'x 517, 519-20 (5th Cir. 2014)). Because Wilson has not alleged sufficient facts to state a claim under any of the statutes or constitutional provisions he lists, dismissal is the proper course here.

For these reasons, the Court GRANTS Wilson's application for leave to proceed *in forma pauperis* (ECF No. 2) but DISMISSES Wilson's complaint (ECF No. 1).

SO ORDERED.

Dated : May 14, 2025

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE